UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE PERRILLIAT                                   CIVIL ACTION

VERSUS                                              NO: 07-6036

ALLSTATE INSURANCE COMPANY                          SECTION: "S" (4)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, is **GRANTED**. (Document #17.)

**IT IS HEREBY ORDERED** that Allstate Insurance Company's unopposed motion to quash Dwayne Perrilliat's jury demand is **DENIED AS UNNECESSARY**. (Document #16.)

I. BACKGROUND

As a result of Hurricane Katrina, Dwayne Perrilliat's home and its contents sustained damage due to wind, rain, and flood. The property was insured by Allstate Insurance Company (Allstate), which issued a homeowners insurance policy[1] and a Standard Flood Insurance Policy (SFIP) under the Write-Your-Own Program of the National Flood Insurance Program (NFIP).

Perilliat filed a claim under the flood policy, and Allstate assigned an independent adjuster to assist him, as a matter of courtesy. Allstate determined that Perilliat was entitled to

---

[1] The claim under the homeowners policy has been settled.

$3,936.43 for coverage on the building and $1,494.59 for the contents.  Perrilliat disagreed with the adjustment and filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging breach of contract and failure to adjust the claim in good faith.  Allstate removed the case to federal court, asserting federal question jurisdiction under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*.  Allstate filed a motion for summary judgment.

## II. DISCUSSION

### A.  Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B.  Proof of loss

Allstate contends that Perrilliat is divested of the right to sue because he did not support his claim for further federal benefits under the SFIP by submitting a proof of loss within the extended deadline.  Allstate argues that FEMA's waiver of the requirement of filing a proof of loss applies only when the insured is in agreement with the amount determined by the insurer.  Allstate contends that, because Perrilliat is not in agreement with the amount, he was required to

file a timely proof of loss and obtain a determination from the insurer prior to filing suit.

Perrilliat contends that the Administrator waived the requirement of a proof of loss. He argues that, if an insured disagrees with the insurer's adjustment, he has the option of challenging the proposed payout by filing a proof of loss or a lawsuit.

Generally, SFIP policies require an insured asserting a claim to file a proof of loss within 60 days, stating the amount claimed under the policy. SFIP, ¶ VII(J)(4). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds. Exh. B. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. Id. If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id. Under 44 C.F.R. Pt. 61, App. A, Art. VII(J)(4),[2] the proof of loss must state the amount of

---

[2] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) provides:
Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
a. The date and time of loss;
b. A brief explanation of how the loss happened;
c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d. Details of any other insurance that may cover the loss;
e. Changes in title or occupancy of the covered property during the term of the

loss, furnish certain information about the loss, and be signed and sworn to by the insured.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005). "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388. Provisions of the SFIP must be strictly construed and enforced. See Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998).

Perilliat had one year from the date of the loss, August 29, 2005, to submit a sworn proof of loss as required by the SFIP and the FEMA extension. Instead of filing the proof of loss, he filed a petition for damages in August 2007, within one year of the loss, believing that he could bring suit without submitting a sworn proof of loss. Perilliat's position is contrary to federal statutory law, the administrator's waiver, and the jurisprudence in the Fifth Circuit. See Richardson v. American Bankers Ins. Co., 2008 WL 510518 (5th Cir. 2008). "A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." Id. While the result may seem harsh, courts are bound "to observe the conditions defined by Congress for charging the public

---

    policy;
    f. Specifications of damaged buildings and detailed repair estimates;
    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
    h. Details about who occupied any insured building at the time of the loss and for what purpose; and
    i. The inventory of damaged personal property described in J.3. above.

treasury." <u>Gowland v. Aetna</u>, 143 F.3d 951, 955 (5th Cir. 1998).

Perilliat has not filed a proof of loss or received a written denial of his claim; therefore, he may not file a lawsuit against Allstate.  Accordingly, there are no disputed issue of material fact, and Allstate is entitled to judgment as a matter of law.

New Orleans, Louisiana, this  23rd day of May, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**